Filed 3/28/23  P. v. Floresgarcia CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JORGE LUIS FLORESGARCIA,<br><br>    Defendant and Appellant. | 2d Crim. No. B323620<br>(Super. Ct. No. 17F-05767)<br>(San Luis Obispo County) |

Jorge Luis Floresgarcia appeals from the trial court's order imposing victim restitution after he was convicted by guilty plea of three counts of sexual penetration by a foreign object of a person incapable of giving consent because of a mental disorder or developmental or physical disability.  (Pen. Code, § 289, subd. (b)[1]; counts 6, 7, & 8.)

We appointed counsel to represent appellant in this appeal. After an examination of the record, counsel filed an opening brief

---

1 All further statutory references are to the Penal Code.

that raises no arguable issues. On January 18, 2023, we notified appellant by mail that he had 30 days within which to personally submit any contentions or issues he wished us to consider. The 30 days have since passed, and appellant has not presented any contentions or issues for our consideration.

In June 2017, appellant lived with his girlfriend, A.C., and her six-year-old daughter, S.C. While A.C. was at work, she left S.C. in the care of appellant. During that time, appellant sexually abused S.C. on several occasions. Appellant was arrested after S.C. told family members about the abuse.

In May 2021, appellant pleaded guilty to committing the crimes as charged in counts 6, 7, and 8 of the amended information. In June 2021, the trial court sentenced appellant to 12 years in state prison. As part of his sentence, the trial court ordered appellant to pay a felony restitution fine pursuant to section 1202.4, subdivision (b) in the amount of $10,000, but stayed that fine based on appellant's inability to pay (citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157). The trial court also ordered appellant to pay an additional felony restitution fine pursuant to section 1202.45 in the amount of $10,000, but ordered that fine suspended unless appellant's parole is revoked.

In September 2022, after a contested restitution hearing that had been continued from August, the trial court ordered appellant to pay victim restitution to the California Victim Compensation Board in the amount of $4,580.50.[2] The

2 This court, on its own motion, has ordered the record augmented to include the following documents filed in the superior court, case number 17F-05767: abstract of judgment for sentencing, filed June 7, 2021, order for victim restitution, filed

2

augmented record, which includes the order for victim restitution, as well as the abstract of judgment for the restitution order, establishes that restitution was based on updated documents presented to the trial court at the September restitution hearing.

We have reviewed the entire record as augmented and are satisfied that appellant's attorney fully complied with her responsibilities and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436.)

DISPOSITION

The judgment [order imposing victim restitution] is affirmed.

NOT TO BE PUBLISHED.


                                            YEGAN, J.

We concur:


        GILBERT, P. J.


        BALTODANO, J.

---

September 26, 2022, and the abstract of judgment for the restitution order, filed September 26, 2022.

Craig B. Van Rooyen, Judge

Superior Court County of San Luis Obispo

_____

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.